Elissa D. Miller (CA Bar No. 120029)
   elissa.miller@gmlaw.com
**GREENSPOON MARDER LLP**
1875 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 213.626.2311
Facsimile: 954.771.9264

Attorneys for Sam S. Leslie, Chapter 7
Trustee of RAC Development, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>RAC Development, Inc.,<br><br>      Debtor.<br>_____<br>Sam S. Leslie, Solely in his capacity of Chapter 7 Trustee of RAC Development, Inc.,<br><br>      Plaintiff,<br><br>  vs.<br><br>Peter Wang, an individual and Ruby Wang, an individual,<br><br>      Defendants. | Case No. 2:24-bk-13735-DS<br><br>Chapter 7<br><br>Adv. No.<br><br>**COMPLAINT FOR:**<br>**(1) AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFERS,**<br>**(2) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS,**<br>**(3) AVOIDANCE OF PREFERENTIAL TRANSFERS,**<br>**(4) RECOVERY OF AVOIDED TRANSFERS, AND**<br>**(5) DISALLOWANCE OF CLAIMS**<br><br>**Status Conference**<br>Date:    To Be Set<br>Time:    To Be Set<br>Place:   255 East Temple Street<br>             Los Angeles, CA 90012 |

For his *Complaint For (1) Avoidance Of Intentional Fraudulent Transfers, (2) Avoidance Of Constructive Fraudulent Transfers, (3) Avoidance of Preferential Transfers, (4) Recovery Of Avoided Transfers, and (5) Disallowance Of Claims* ("Complaint"), plaintiff Sam S. Leslie, the chapter 7 trustee ("Plaintiff") for the bankruptcy estate ("Estate") of the Debtor RAC Development, Inc. (the "Debtor"), hereby alleges and avers against Defendants Peter Wang, an individual and Ruby Wang, an individual (jointly "Defendants") as follows:

EDM 65752312v1

**INTRODUCTION**

1.      This suit seeks the avoidance and recovery of transfers made by the Debtor to Defendants in the approximately six-year period prior to the date the involuntary petition was filed against the Debtor (the "Fraudulent Transfers"). The Debtor made the Fraudulent Transfers as part of a fraudulent scheme involving the investment in non-existent real estate assets that caused the loss of millions of dollars to more than three hundred unsuspecting investors.

2.      The Debtor made the Fraudulent Transfers with the actual intent to hinder, delay, and defraud the Debtor's creditors. The Debtor's creditors consisted primarily of individuals from the Southern California Community who, the Debtor's principal Tin Jon Syiau, convinced to invest in the Debtor's alleged and non-existent real estate investments.

3.      The Debtor did not generate sufficient revenue to repay its investors and relied on new investment money to make interest and principal payments to old investors, as well as to pay its operating expenses. At the same time, the Debtor transferred a substantial amount of investors' money to insiders, either directly or, to third parties to pay debt incurred by insiders for which the Debtor was not responsible. The Debtor also transferred investor money to third parties and certain investors to maintain the illusion that it was a legitimate business. This enabled the Debtor to lull additional investors into making new investments. The Debtor also made payments to certain investors to keep them from complaining or commencing legal action.

4.      Plaintiff seeks avoidance and recovery of the Fraudulent Transfers under 11 U.S.C. §§ 544, 548, and 550, and California Civil Code § 3439.04 from those investors who received more in repayment then their total investment.

5.      Plaintiff also seeks the recover of the payments made withing the 90 days prior to the petition date as preferential transfers under section 11 U.S.C. §§547 and 550.

**STATEMENT OF JURISDICTION, NATURE OF PROCEEDING, AND VENUE**

6.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H), and (O). This action is a proceeding arising in and/or related to the bankruptcy case of In re RAC Development, Inc., bearing Case No. 2:24-bk-13735-DS (the "Bankruptcy Case"), which is a case under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101 et seq., (the "Bankruptcy Code"), and which is pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Bankruptcy Court").  Regardless of whether this proceeding is core, non-core, or otherwise, Plaintiff consents to the entry of a final order and judgment by the Bankruptcy Court. Defendants are hereby notified that Rule 7008 of the Federal Rules of Bankruptcy Procedure requires Defendants to plead whether consent is given to the entry of a final order and judgment by the Bankruptcy Court.

7.    Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

**PARTIES**

8.    Plaintiff is the duly appointed, qualified, and acting chapter 7 trustee of the Debtor's Estate.

9.    Plaintiff was appointed as the Chapter 7 Trustee after the filing of the Bankruptcy Case. As a result, Plaintiff may not have personal knowledge of the facts alleged in this Complaint that occurred prior to his appointment and, to the extent that is the case, Plaintiff alleges all such facts on information and belief. Plaintiff reserves the right to amend this Complaint to allege additional claims against the above-captioned Defendants, and to challenge, avoid, and/or recover transfers other than and in addition to those alleged in this Complaint.

10.    To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes, and on that basis alleges thereon, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. §

502, or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law before the Petition Date.

11.     Plaintiff is informed and believes, and based thereon alleges, that Peter Wang and Ruby Wang are individuals, are husband and wife and reside in the State of California, County of Los Angeles.

**RELEVANT BACKGROUND AND ALLEGATIONS**

**COMMON TO ALL CLAIMS FOR RELIEF**

12.     On May 13, 2024 (the "Petition Date"), an involuntary petition under Chapter 7, Title 11 of the Bankruptcy Code was filed by approximately 53 creditors (the "Petitioning Creditors") who claimed they were defrauded by the Debtor. On May 16, 2024, the Petitioning Creditors filed an Emergency Motion to Appoint an Interim Trustee [Dkt. No. 6] (the "Emergency Motion"). On May 22, 2024, the Court heard the Emergency Motion and on May 23, 2024, entered an Order Granting the Emergency Motion to Appoint an Interim Trustee. [Dkt. No. 37]  On May 24, 2024, Sam S. Leslie was appointed the Interim Trustee. On June 14, 2024, the Court entered the Order for relief [Dkt. No. 51] and Plaintiff was reappointed [Dkt. No. 55] and continues to serve in that capacity since first appointed.

13.     Plaintiff is informed and believes and thereon alleges that the Debtor was formed as a California corporation in or about May 2009, as a real estate investment company with its sole shareholder and manager from inception Tin Jon Syiau ("Syiau").

14.     Plaintiff is informed and believes and thereon alleges that in connection with its real estate investment business, the Debtor solicited investments from hundreds of investors primarily from the Chinese community who, Plaintiff is informed and has verified, invested many hundreds of millions of dollars.

15.     Plaintiff is further informed and believes and thereon alleges that from inception through January 2019, the Debtor ceased making regular interest and principal payments to its investors. Instead, Plaintiff is informed and believes, beginning on or

about February 1, 2019, the Debtor began to use new investors funds to pay off existing investors who began demanding return of their investment.

16.    In other words, Plaintiff is informed and believes and thereon alleges that the Debtor became a Ponzi Scheme as of February 1, 2019, and continued as such until the Debtor's business came to a crushing halt after the investors began requesting and then demanding the return of funds and learned that not only was there no money remaining in the Debtor's accounts, and, that in large part, the investments were in phantom properties and other assets ("Ponzi Scheme Period").

17.    During the Ponzi Scheme Period and continuing until the Petition date, the Debtor engaged in the intentional fraudulent scheme described herein.

18.    With respect to Defendant, during the period during which Defendant invested with the Debtor, the Defendant made investments of $1,320,000.00 and received payments of $1,842,773.39 for net winnings of $522,773.39 (the "Ponzi Scheme Transfers");  During the four year period prior to the petition date Defendants received approximately $1,842,773.39 (the "Four-Year Transfers") and during the two-year period prior to the Petition Date Defendants received approximately 1,224,563.18 (the "Two-Year Transfers" and together with the Ponzi Scheme Transfers and the Four-Year Transfers, the "Fraudulent Transfers").  Plaintiff is limiting his request to the net winner amount (total received in excess of investments) during the entirety of the period Defendant were investing with Debtor -- $522,773.39.   In addition, during the ninety (90) days  prior to the Petition Date, the Debtor made payments to Defendants in the amount of $23,106.19 (the "Preferential Transfers").  A true and correct copy of the schedule of investments made by Defendants and payments received by them from the Debtor is attached hereto as **Exhibit A.**

19.    Plaintiff is further informed and believes and thereon alleges that as the Transfers were made on and after the Debtor became a Ponzi Scheme, the Transfers are deemed to be actual fraudulent transfers under the law.

## PLAINTIFF'S INVESTIGATION

20.     Upon his appointment, Plaintiff investigated the Debtor and the transfers made by the Debtor. Specifically, Plaintiff obtained and reviewed bank statements for the seven-year period prior to the Petition Date and reviewed the Debtor's QuickBooks and other accounting information.

21.     Plaintiff determined as part of this investigation that the Debtor made transfers during this period to investors and others but that commencing February 1, 2019, the Debtor did not have sufficient revenue to continue to pay operating expenses and make distributions of interest and principal to its investors. Nonetheless, during this same period, the Debtor was continuing to pay expenses including car leases and credit cards for the benefit of Syiau and his family and to remodel a newly purchased home with the Debtor's funds in Arcadia, California.

22.     Plaintiff reviewed applicable defenses that apply in the context of Ponzi scheme cases in decided by the Ninth Circuit Court of Appeals (the "Ninth Circuit"). Here, the Debtor's operations qualified as a Ponzi scheme as articulated by the Ninth Circuit in *In re Agricultural Research Technology Group*, 916 F.2d 931 (9th Cir. 1990) because it was an arrangement whereby the Debtor made payments to investors from the proceeds of a later investment rather than from profits of the underlying business venture, as investors expected.  This gave investors the impression that a legitimate profit-making business opportunity existed, where in fact no such opportunity existed. Once a Ponzi scheme is found to exist, all transfers made in connection with that Ponzi are deemed fraudulent, as all such transfers are made for the purpose of reinforcing the illusion that the Ponzi is a legitimate investment vehicle and thus encouraging additional investment into the scheme. *AFI Holding, Inc. v. Mackenzie*, 525 F.3d 700, 704 (9th Cir. 2008). However, transferees may possess a defense if they received the transfers in good faith and in exchange for value. The Ninth Circuit in *Donell v. Kowell*, 533 F.3d 762 (9th Cir. 2008) stated that for defrauded investors there is "netting" of the principal invested against amount received from the Ponzi--the balance is an avoidable transfer.

23.     For this reason, Plaintiff evaluated, in the case of each transferee, whether that transferee gave value to the Debtor, whether the transferee gave value in good faith, and for each investor, whether that investor received more than they invested with the Debtor. Plaintiff mailed approximately 120 demand letters to transferees, including Defendants, and received numerous responses which Plaintiff also analyzed, to determine whether an avoidance action should be brought.

24.     After performing this analysis, and after numerous emails with investors, Plaintiff determined that an avoidance action should be brought against the Defendants, to avoid and recover the Fraudulent Transfers.

## FIRST CLAIM FOR RELIEF

**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code §§ 3439.04(a)(1), 3439.07, and 3439.09)**

25.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 as though set forth in full.

26.     Plaintiff is informed and believes, and on that basis alleges thereon, that during the Ponzi Scheme Period, the Debtor made the Fraudulent Transfers to or for the benefit of Defendants.

27.     Plaintiff is informed and believes, and on that basis alleges thereon, that the Fraudulent Transfers were deemed to be made by the Debtor with actual intent to hinder, delay, or defraud any creditor of the Debtor.

28.     Plaintiff is informed and believes, and based thereon alleges, that, at all relevant times, the Fraudulent Transfers were voidable under California Civil Code §§ 3439.04(a)(1), 3439.07, and 3439.09 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable against the estate under 11 U.S.C. § 502, or that were and are not allowable only under 11 U.S.C. § 502(e). These creditors include those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Estate.

29.     Plaintiff is informed and believes, and on that basis alleges thereon, that,

EDM 65752312v1                                          7

based on the foregoing, Plaintiff may avoid the Fraudulent Transfers and recover the equivalent value of said fraudulent transfers for the benefit of the Estate from Defendants pursuant to 11 U.S.C. §§ 544(b) and 550.

## SECOND CLAIM FOR RELIEF

**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550 and California Civil Code §§ 3439.04(a)(2) and 3439.07)**

30.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 as though set forth in full.

31.     Plaintiff is informed and believes, and on that basis alleges thereon, that the Debtor made the Four-Year Transfers to or for the benefit of Defendants.

32.     Plaintiff is informed and believes, and on that basis alleges thereon, that the Debtor  made the Four-Year Transfers (a) without receiving a reasonably equivalent value in exchange for the transfers, and the Debtor either (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, or (ii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

33.     Plaintiff is informed and believes, and based thereon alleges, that, at all relevant times, the Four-Year Transfers were voidable under California Civil Code §§ 3439.04(a)(2) and 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable under 11 U.S.C. § 502, or that were and are not allowable only under 11 U.S.C. § 502(e).  These creditors include those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Estate.

34.     Plaintiff is informed and believes, and on that basis alleges thereon, that, based on the foregoing, Plaintiff may avoid the Four-Year Transfers and recover the equivalent value of said fraudulent transfers for the benefit of the Estate from Defendants pursuant to 11 U.S.C. §§ 544(b) and 550.

## THIRD CLAIM FOR RELIEF

### (Avoidance and Recovery of Fraudulent Transfers Pursuant to

### 11 U.S.C. §§ 548(a)(1)(A) and 550)

35.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 as though set forth in full.

36.    Plaintiff is informed and believes, and on that basis, alleges thereon, that during the two-year period preceding the Petition Date, the Debtor made the Two-Year Transfers to or for the benefit of Defendants.

37.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Two-Year Transfers were made by the Debtor with actual intent to hinder, delay, or defraud any entity to which the Debtor was or became, on or after the date that such transfers were made or such obligations were incurred, indebted.

38.    Plaintiff is informed and believes, and based thereon alleges thereon that, at all relevant times, the Two-Year Transfers were voidable under 11 U.S.C. § 544(b) by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable under 11 U.S.C. § 502, or that were and are not allowable only under 11 U.S.C. § 502(e).  These creditors include those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Estate.

39.    Plaintiff is informed and believes, and on that basis alleges thereon, that, based on the foregoing, Plaintiff may avoid the Two-Year Transfers and recover the equivalent value of said fraudulent transfers for the benefit of the Estate from Defendants pursuant to 11 U.S.C. §§ 544(b) and 550.

## FOURTH CLAIM FOR RELIEF

### (Avoidance and Recovery of Fraudulent Transfers Pursuant to

### 11 U.S.C. §§ 548(a)(1)(B) and 550)

40.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 as though set forth in full.

41.     Plaintiff is informed and believes, and on that basis, alleges thereon, that during the two-year period preceding the Petition Date, the Debtor made the Two-Year Transfers to or for the benefit of Defendants.

42.     Plaintiff is informed and believes, and on that basis alleges thereon, that the Debtor received less than a reasonably equivalent value in exchange for the Two-Year Transfers, and (a) the Debtor was insolvent on the date that such transfers were made or became insolvent as a result of such transfers, (b) the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any remaining property remaining with the Debtor was an unreasonably small capital, or (c) the Debtor intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

43.     Plaintiff is informed and believes, and based thereon alleges thereon that, at all relevant times, the Two-Year Transfers were voidable under 11 U.S.C. § 544(b) by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable under 11 U.S.C. § 502, or that were and are not allowable only under 11 U.S.C. § 502(e).  These creditors include those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Estate.

44.     Plaintiff is informed and believes, and on that basis alleges thereon, that, based on the foregoing, Plaintiff may avoid the Two-Year Transfers and recover the equivalent value of said fraudulent transfers for the benefit of the Estate from Defendants pursuant to 11 U.S.C. §§ 544(b) and 550.

## FIFTH CLAIM FOR RELIEF

**(Avoidance and Recovery of Preferential Transfers Pursuant to**

**11 U.S.C. §§ 547 and 550 )**

45.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 as though set forth in full.

46.     Plaintiff is informed and believes, and on that basis alleges thereon, that

during the ninety days prior to the Petition Date, the Debtor did not have sufficient funds to pay its debts as they became due and fell behind on its payments to creditors.

47.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Preferential Transfers were made to or for the benefit of Defendants within ninety days of the Petition Date.

48.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Preferential Transfers satisfy the definition of "transfers" as that term is defined in 11 U.S.C. § 101(54).

49.    Plaintiff is informed and believes, and on that basis alleges thereon, that to the extent that Defendants are deemed to be creditors of the estate, which the Trustee disputes, the Preferential Transfers were made to or for the benefit of Defendants, as creditors of the Debtor at the time of the respective transfers, as the term "creditor" is defined by 11 U.S.C. § 101(10).

50.    Plaintiff is informed and believes, and on that basis, alleges thereon, that the Preferential Transfers were transfers of interests of the Debtor in property.

51.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Preferential Transfers were for or on account of antecedent debts allegedly owed by the Debtor to Defendants before the Preferential Transfers were made.

52.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Preferential Transfers were made while the Debtor was insolvent.

53.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Preferential Transfers enabled or will enable Defendants to receive more than they would have received if (i) the Debtor's Bankruptcy Case was a case under chapter 7 of title 11 of the United States Code; (ii) the Preferential Transfers had not been made; and (iii) Defendants received payments of such debt to the extent provided by title 11 of the United States Code.

54.    Plaintiff is informed and believes, and on that basis alleges thereon, that, based on the foregoing, Plaintiff may avoid the Preferential Transfers and recover the

equivalent value of any property recovered on account of the Preferential Transfers for the benefit of the Debtor's estate from Defendants pursuant to 11 U.S.C. §§ 547 and 550.

## SIXTH CLAIM FOR RELIEF

### (Recovery of Avoided Transfers or the Value Thereof Pursuant to

### 11 U.S.C. § 550(a))

55.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 54 as though set forth in full.

56.    Each of the Fraudulent  and Preferential Transfers are transfers of the Debtor's property that should be avoided pursuant to California Civil Code §§ 3439.04(a)(1) and 3439.02(a)(2) and 11 U.S.C. §§ 548(a)(1)(A) and 548(a)(1)(B) and, 11 U.S.C. §547(b) based thereon, Plaintiff is entitled to avoid the Fraudulent Transfers, and each of them.

57.    Defendants are the transferee (initial, immediate, mediate, and/or otherwise) of the Fraudulent and/or Preferential Transfers and/or the entity or person for whose benefit the Fraudulent and/or Preferential Transfers were made, within the meaning of 11 U.S.C. § 550(a). Based thereon, Plaintiff is entitled to recover the Fraudulent and Preferential Transfers, together with interest at the applicable rate from the date of Fraudulent Transfers, for the benefit of the Estate.

## SEVENTH CLAIM FOR RELIEF

### (Preservation of Transfers Avoided Pursuant to 11 U.S.C. § 551)

58.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 54 as though set forth in full.

59.    Pursuant to 11 U.S.C. § 551, the Fraudulent and Presidential Transfers are preserved for the benefit of the Estate as each of the Fraudulent Transfers are avoidable under California Civil Code §§ 3439.04(a)(1) and 3439.02(a)(2), 11 U.S.C. §§ 548(a)(1)(A) and 548(a)(1)(B), 11 U.S.C. § 547(b), and 11 U.S.C. § 550 as set forth in this Complaint.

## EIGHTH CLAIM FOR RELIEF

### (For Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))

60.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 59 as though set forth in full.

61.     Pursuant to 11 U.S.C. § 502(d), to the extent Defendants files, has filed, or otherwise asserts a claim in the Bankruptcy Case, as the term "claim" is defined by 11 U.S.C. § 101(10), Plaintiff requests that any such claim(s) be disallowed for Defendants' failure to return or repay the Fraudulent and/or Preferential Transfers, or the value thereof.

## RESERVATION OF RIGHTS

62.     Plaintiff reserves the right to amend this Complaint to include, among other things, (i) further information regarding the Fraudulent Transfers, (ii) additional transfers, (iii) modifications of and revisions to Defendants' name, (iv) additional Defendants, and (v) additional claims for relief, that may become known to Plaintiff at any time during this adversary proceeding through formal discovery or otherwise, and for the amendments to relate back to this Complaint.

63.     Plaintiff reserves the right to bring all other claims for relief that Plaintiff may have against Defendants, on any and all grounds, as allowed under the law or in equity. Additionally, nothing contained in this Complaint shall be construed as a waiver of Plaintiff's right to object to any proof of claim filed by Defendants. Accordingly, Plaintiff reserves the right to object, on any and all grounds, to any proof of claim filed by Defendants.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

## ON THE FIRST CLAIM FOR RELIEF

1.     For a judgment and/or order that the Ponzi Scheme Transfers are avoidable under 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(1), or providing any other appropriate remedy under California Civil Code § 3439.07;

EDM 65752312v1                                    13

**ON THE SECOND CLAIM FOR RELIEF**

2.      For a judgment and/or order that the Four-Year Transfers are avoidable under 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(2), or providing any other appropriate remedy under California Civil Code § 3439.07;

**ON THE THIRD CLAIM FOR RELIEF**

3.      For a judgment and/or order that the Two-Year Transfers are avoidable under 11 U.S.C. § 548(a)(1)(A);

**ON THE FOURTH CLAIM FOR RELIEF**

4.      For a judgment and/or order that the Two-Year Transfers are avoidable under 11 U.S.C. § 548(a)(1)(B);

**ON THE FIFTH CLAIM FOR RELIEF**

5.      For a judgment and/or order that the Preferential Transfer is avoidable under 11 U.S.C. §§ 547(b) and 550;

**ON THE SIXTH CLAIM FOR RELIEF**

6.      For a judgment and/or order that Plaintiff is entitled to recover the Fraudulent and Preferential Transfers, or the value thereof, from Defendants under 11 U.S.C. § 550;

**ON THE SEVENTH CLAIM FOR RELIEF**

7.      For a judgment and/or order that Plaintiff is entitled to preserve the Fraudulent and Preferential Transfers avoided under California Civil Code §§ 3439.04(a)(1) and 3439.04(a)(2) and 11 U.S.C. §§ 548(a)(1)(A) and 548(a)(1)(B) for the benefit of the Estate under 11 U.S.C. § 551;

**ON THE EIGHTH CLAIM FOR RELIEF**

8.      For a judgment and/or order disallowing any claim(s) that Defendants may assert or has asserted against the Estate under 11 U.S.C. § 502(d);

EDM 65752312v1                                        14

**ON ALL CLAIMS FOR RELIEF**

9.      For interest in an amount authorized by law; and

10.    For such other and further relief as the Court deems just and proper.

DATED:  June 10, 2026                              **GREENSPOON MARDER LLP**


By:        /s/ Elissa D. Miller
            Elissa D. Miller
            Attorneys for Sam S. Leslie, Chapter 7
            Trustee of RAC Development, Inc.

+

EDM 65752312v1                                            15

# EXHIBIT A

Exhibit A

| Date | Num | Name | Receipts | Disbursements |
|---|---|---|---|---|
| 05/10/24 | | Ruby Wang (Peter Wang) | | $2,000.00 |
| 04/29/24 | | Ruby Wang (Peter Wang) | | 4,000.00 |
| 04/19/24 | | Ruby Wang (Peter Wang) | | 5,000.00 |
| 04/08/24 | | Ruby Wang (Peter Wang) | | 6,602.37 |
| 04/02/24 | | Ruby Wang (Peter Wang) | | 5,503.82 |
| | | Totals - 90 Day | 0.00 | 23,106.19 |
| | | | | |
| 02/05/24 | | Ruby Wang (Peter Wang) | | 3,852.36 |
| 01/18/24 | Cash | Ruby Wang (Peter Wang) | | 15,000.00 |
| 01/11/24 | | Ruby Wang (Peter Wang) | | 2,940.95 |
| 12/04/23 | Cash | Ruby Wang (Peter Wang) | | 10,000.00 |
| 11/14/23 | | Ruby Wang (Peter Wang) | | 4,490.06 |
| 10/25/23 | | Ruby Wang (Peter Wang) | | 11,005.08 |
| 10/16/23 | | Ruby Wang (Peter Wang) | | 6,610.32 |
| 09/20/23 | | Ruby Wang (Peter Wang) | | 5,485.39 |
| 09/15/23 | | Ruby Wang (Peter Wang) | | 3,353.66 |
| 08/01/23 | | Ruby Wang (Peter Wang) | | 3,866.55 |
| 07/03/23 | | Ruby Wang (Peter Wang) | | 2,940.05 |
| 06/30/23 | Cash | Ruby Wang (Peter Wang) | | 9,825.00 |
| 06/22/23 | 1001 | Ruby Wang (Peter Wang) | | 100,000.00 |
| 06/22/23 | 10003 | Ruby Wang (Peter Wang) | | 120,000.00 |
| 06/20/23 | | Ruby Wang (Peter Wang) | | 9,953.48 |
| 06/12/23 | | Ruby Wang (Peter Wang) | | 1,160.21 |
| 05/04/23 | | Ruby Wang (Peter Wang) | | 14,595.48 |
| 05/02/23 | | Ruby Wang (Peter Wang) | | 9,000.00 |
| 04/21/23 | | Ruby Wang (Peter Wang) | | 3,871.95 |
| 04/21/23 | | Ruby Wang (Peter Wang) | | 5,758.58 |
| 04/19/23 | Cash | Ruby Wang (Peter Wang) | | 10,000.00 |
| 04/19/23 | Cash | Ruby Wang (Peter Wang) | | 14,470.00 |
| 04/06/23 | Cash | Ruby Wang (Peter Wang) | | 10,000.00 |
| 03/28/23 | Cash | Ruby Wang (Peter Wang) | | 21,220.00 |
| 03/28/23 | Cash | Ruby Wang (Peter Wang) | | 400.00 |
| 03/24/23 | | Ruby Wang (Peter Wang) | | 4,947.97 |
| 03/06/23 | Cash | Ruby Wang (Peter Wang) | | 30,000.00 |
| 03/01/23 | Cash | Ruby Wang (Peter Wang) | | 6,095.00 |
| 02/28/23 | Cash | Ruby Wang (Peter Wang) | | 30,900.00 |
| 02/28/23 | | Ruby Wang (Peter Wang) | | 2,830.38 |
| 02/07/23 | | Ruby Wang (Peter Wang) | | 3,387.03 |
| 01/30/23 | Cash | Ruby Wang (Peter Wang) | | 32,300.00 |
| 01/10/23 | Cash | Ruby Wang (Peter Wang) | | 32,000.00 |
| 12/06/22 | Cash | Ruby Wang (Peter Wang) | | 36,000.00 |
| 12/01/22 | Cash | Ruby Wang (Peter Dwang) | 250,000.00 | - |
| 12/01/22 | 5075 | Ruby Wang (Peter Wang) | | 50,000.00 |
| 11/22/22 | Cash | Ruby Wang (Peter Wang) | | 32,502.00 |

Exhibit A

| Date | Num | Name | Receipts | Disbursements |
|---|---|---|---|---|
| 11/22/22 | 5042 | Ruby Wang (Peter Wang) | | 4,355.32 |
| 11/09/22 | 5024 | Ruby Wang (Peter Wang) | | 10,020.33 |
| 10/31/22 | 4996 | Ruby Wang (Peter Wang) | | 950.60 |
| 10/31/22 | 4995 | Ruby Wang (Peter Wang) | | 14,329.66 |
| 10/27/22 | Cash | Ruby Wang (Peter Wang) | | 3,000.00 |
| 10/27/22 | Cash | Ruby Wang (Peter Wang) | | 20,000.00 |
| 10/24/22 | Cash | Ruby Wang (Peter Wang) | | 44,750.00 |
| 10/10/22 | Cash | Ruby Wang (Peter Wang) | | 42,900.00 |
| 09/30/22 | Cash | Ruby Wang (Peter Wang) | 200,000.00 | - |
| 09/20/22 | Cash | Ruby Wang (Peter Wang) | | 14,305.00 |
| 09/01/22 | Cash | Ruby Wang (Peter Wang) | 100,000.00 | - |
| 09/01/22 | Cash | Ruby Wang (Peter Wang) | | 20,000.00 |
| 08/29/22 | 4893 | Ruby Wang (Peter Wang) | | 3,201.17 |
| 08/19/22 | 4873 | Ruby Wang (Peter Wang) | | 3,375.41 |
| 08/19/22 | 4877 | Ruby Wang (Peter Wang) | | 69,000.00 |
| 08/17/22 | Cash | Ruby Wang (Peter Wang) | | 54,015.00 |
| 08/01/22 | Cash | Ruby Wang (Peter Wang) | | 44,573.00 |
| 07/18/22 | Cash | Ruby Wang (Peter Wang) | 70,000.00 | - |
| 07/12/22 | Cash | Ruby Wang (Peter Wang) | | 50,000.00 |
| 06/29/22 | Cash | Ruby Wang (Peter Wang) | | 49,960.00 |
| 06/02/22 | Cash | Ruby Wang (Peter Wang) | | 40,000.00 |
| 05/26/22 | Cash | Ruby Wang (Peter Wang) | | 31,960.00 |
| 05/19/22 | Cash | Ruby Wang (Peter Wang) | | 20,000.00 |
| | | Totals - 2 Year (Incl. 90 Day) | 620,000.00 | 1,224,563.18 |
| | | | | |
| 05/09/22 | Cash | Ruby Wang (Peter Wang) | | 11,210.00 |
| 04/28/22 | | Ruby Wang (Peter Wang) | | 1,087.78 |
| 04/22/22 | Cash | Ruby Wang (Peter Wang) | | 40,000.00 |
| 04/13/22 | Cash | Ruby Wang (Peter Wang) | | 7,080.00 |
| 04/04/22 | Cash | Ruby Wang (Peter Wang) | 500,000.00 | - |
| 03/31/22 | Cash | Ruby Wang (Peter Wang) | | 30,000.00 |
| 03/16/22 | Cash | Ruby Wang (Peter Wang) | | 9,665.00 |
| 03/09/22 | | Ruby Wang (Peter Wang) | 6,000.00 | |
| 03/08/22 | | Ruby Wang (Peter Wang) | 4,000.00 | |
| 03/08/22 | 4558 | Ruby Wang (Peter Wang) | | 1,063.31 |
| 03/05/22 | Cash | Ruby Wang (Peter Wang) | | 20,000.00 |
| 03/04/22 | 4552 | Ruby Wang (Peter Wang) | | 1,051.19 |
| 03/04/22 | 4550 | Ruby Wang (Peter Wang) | | 3,411.29 |
| 02/21/22 | Cash | Ruby Wang (Peter Wang) | | 20,000.00 |
| 02/21/22 | Cash | Ruby Wang (Peter Wang) | | 5,500.00 |
| 02/01/22 | 4493 | Ruby Wang (Peter Wang) | | 376.64 |
| 01/21/22 | | Ruby Wang (Peter Dwang) | 50,000.00 | |
| 09/20/21 | Cash | Ruby Wang (Peter Wang) | | 9,150.00 |
| 09/13/21 | Cash | Ruby Wang (Peter Wang) | 20,000.00 | - |

Exhibit A

| Date | Num | Name | Receipts | Disbursements |
|---|---|---|---|---|
| 08/19/21 | Cash | Ruby Wang (Peter Wang) | | 10,695.00 |
| 08/04/21 | Cash | Ruby Wang (Peter Wang) | 20,000.00 | - |
| 07/29/21 | Cash | Ruby Wang (Peter Wang) | 3,000.00 | - |
| 07/29/21 | | Ruby Wang (Peter Wang) | 18,000.00 | |
| 07/26/21 | | Ruby Wang (Peter Wang) | 10,000.00 | |
| 07/26/21 | | Ruby Wang (Peter Wang) | 69,000.00 | |
| 05/19/21 | Cash | Ruby Wang (Peter Wang) | | 20,000.00 |
| 04/26/21 | Cash | Ruby Wang (Peter Wang) | | 2,190.00 |
| 04/20/21 | Cash | Ruby Wang (Peter Wang) | | 24,610.00 |
| 04/13/21 | Cash | Ruby Wang (Peter Wang) | | 15,000.00 |
| 03/12/21 | Cash | Ruby Wang (Peter Wang) | | 22,500.00 |
| 02/19/21 | Cash | Ruby Wang (Peter Wang) | | 10,400.00 |
| 02/04/21 | Cash | Ruby Wang (Peter Wang) | | 25,420.00 |
| 01/15/21 | Cash | Ruby Wang (Peter Wang) | | 41,000.00 |
| 01/06/21 | Cash | Ruby Wang (Peter Wang) | | 20,000.00 |
| 12/01/20 | Cash | Ruby Wang (Peter Wang) | | 30,000.00 |
| 10/25/20 | Cash | Ruby Wang (Peter Wang) | | 20,000.00 |
| 09/09/20 | Cash | Ruby Wang (Peter Wang) | | 20,000.00 |
| 09/01/20 | Cash | Ruby Wang (Peter Wang) | | 20,000.00 |
| 08/20/20 | Cash | Ruby Wang (Peter Wang) | | 30,000.00 |
| 08/10/20 | Cash | Ruby Wang (Peter Wang) | | 30,000.00 |
| 07/30/20 | Cash | Ruby Wang (Peter Wang) | | 30,000.00 |
| 07/20/20 | Cash | Ruby Wang (Peter Wang) | | 30,000.00 |
| 07/10/20 | Cash | Ruby Wang (Peter Wang) | | 20,000.00 |
| 06/30/20 | Cash | Ruby Wang (Peter Wang) | | 31,800.00 |
| 06/18/20 | Cash | Ruby Wang (Peter Wang) | | 5,000.00 |
| | | Totals - 4 Year (Incl. 90 Day & 2 Year) | $1,320,000.00 | $1,842,773.39 |

| | |
|---|---|
| Total Net Activity | ($522,773.39) |

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Sam S. Leslie, solely in his capacity Chapter 7 Trustee of RAC Development, Inc. | DEFENDANTS<br>Peter Wang, an individual and Ruby Wang, an individual |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Elissa D. Miller (CA Bar No. 120029)<br> elissa.miller@gmlaw.com<br>**GREENSPOON MARDER LLP**<br>1875 Century Park East, Suite 1900<br>Los Angeles, California 90067<br>Telephone: 213.626.2311<br>Facsimile: 954.771.9264 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |
|---|---|

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
**COMPLAINT FOR:**
**(1) AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFERS,**
**(2) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS,**
**(3) AVOIDANCE OF PREFERENTIAL TRANSFERS,**
**(4) RECOVERY OF AVOIDED TRANSFERS, AND**
**(5) DISALLOWANCE OF CLAIMS**

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001( 1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001 (2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001( 3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4 ) – Objection/ Revocation of Discharge**
☐ 41-Objection/re vocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 -Dischargeability- §523(a)(5 ), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 6 5 -Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 -Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81 -Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91 -Declaratory judgment

**FRBP 7001(10) Deter mi nation of Removed Act ion**
☐ 01 -Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☐ Demand: $522,774 |
| Other Relief Sought | |

EDM 65762389v1

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>RAC DEVELOPMENT, INC. | BANKRUPTCY CASE NO.<br>Case No. 2:24-bk-13735-DS | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Deborah Saltzman |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ *Elissa D. Miller* | | |
| DATE<br><br>June 10, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Elissa D. Miller | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

EDM 65762389v1